Filed 12/15/22  In re R.R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.R. et al., Persons Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.B., <br><br> Defendant and Appellant. | F084256 <br><br> (Super. Ct. Nos. 19JP-00193-A, 19JP-00193-B) <br><br> **OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Merced County.  Donald J. Proietti, Judge.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Forrest W. Hansen, County Counsel, and Ann Hanson, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Smith, J.

S.B. (mother) appeals the juvenile court's orders terminating her parental rights over R.R. (born March 2018) and B.R. (born February 2019) pursuant to Welfare and Institutions Code section 366.26.[1]  Her sole contention on appeal is that the juvenile court and the Merced County Human Services Agency (agency) failed to comply with the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law because the agency failed to inquire of known extended family members whether they had Indian ancestry.[2]  The agency concedes error and the parties have stipulated to an immediate remand for the purpose of complying with the inquiry provisions of ICWA. Accordingly, we conditionally reverse the juvenile court's finding that ICWA does not apply and remand for the limited purpose of ensuring compliance with ICWA and related California law.

### FACTUAL AND PROCEDURAL SUMMARY

On December 16, 2019, the agency filed an original petition under section 300 on behalf of R.R. and B.R. pursuant to subdivisions (b)(1) (failure to protect) and (j) (abuse of sibling).  Aaron R. was listed as the children's alleged father.  The petition alleged the parents had a history of untreated methamphetamine use and domestic violence and that mother had a history of untreated mental illness.  The petition further alleged mother's minor son[3] was removed from her custody in June 2015 and that she reunified in May 2017.  In June 2018, mother's minor son and R.R. were removed from mother and Aaron's custody.  They reunified with R.R. and the case was dismissed in July 2019. Mother's minor son was released to her father's custody.

---

[1]     Statutory references are to the Welfare and Institutions Code.

[2]     "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[3]     In the record, the child is referred to as both mother's minor son and minor daughter.

R.R. and B.R. were taken into protective custody and placed with their maternal great-grandmother. They were subsequently placed with their maternal aunt.

Aaron appeared at the detention hearing on December 17, 2019. Mother was not present. The juvenile court took judicial notice of the finding in Merced County case No. 18JP-00076 that Aaron was R.R.'s presumed father and that ICWA did not apply. Aaron told the court he did not have any new information regarding his Indian heritage. The court found ICWA did not apply to Aaron and ordered the children detained. The court also found ICWA did not apply to mother, pending any new information from her.

Mother appeared by telephone at the jurisdiction and disposition hearing in January 2020 and the juvenile court appointed counsel for her. The court elevated Aaron's paternity status to presumed father as to B.R., took judicial notice of case No. 18JP-00076 and confirmed ICWA did not apply to both children in regard to mother. The court continued the hearing to February 5, 2020.

On February 5, 2020, at the continued jurisdiction and disposition hearing, the juvenile court sustained the allegations in the petition as true and granted mother and Aaron reunification services. The court also took judicial notice of the findings and orders in case Nos. 15JP-00083 and 18JP-00076 and set the six-month review hearing for May 6, 2020.

On February 14, 2020, the children were placed with their paternal relatives, Amanda and Calvin F., on an emergency basis while they completed the relative placement process.

In May 2020, the agency removed the children from Amanda and Calvin and placed them in a foster home. The agency filed a supplemental petition under section 387, alleging Amanda and Calvin requested the children be removed because it was overwhelming to care for the two children while caring for their four children. The juvenile court sustained the petition.

3.

By the six-month review hearing rescheduled for July 2020, mother had been arrested multiple times and was not in compliance with her court-ordered services. At a contested six-month review hearing in September 2020, the juvenile court terminated her reunification services and continued reunification services for Aaron and set a 12-month review hearing for January 2021. The court found ICWA did not apply.

In January 2021, the juvenile court ordered the children placed with Aaron under family maintenance services.

In June 2021, the agency removed the children from Aaron's custody and filed a supplemental petition, alleging Aaron allowed mother to have contact with the children without the agency's supervision. Following a contested hearing in August 2021, the juvenile court sustained the petition, terminated Aaron's reunification services and set a section 366.26 hearing for December 9, 2021. Neither parent challenged the setting order by extraordinary writ petition. (Cal. Rules of Court, rules 8.450–8.452.)[4]

In November 2021, mother filed a modification petition under section 388, requesting reinstatement of reunification services or family maintenance services. She stated she initiated recovery in April 2020 by participating in drug court, drug treatment and behavioral therapy. She completed a parenting class and, as of November 1, 2021, was clean and sober for 140 days. She was resident advisor of a sober living facility, regularly attended narcotics anonymous meetings, had a sponsor and was employed. The court set a hearing on her petition to be conducted with the section 366.26 hearing on December 9, 2021.

The December 9, 2021, hearing was continued and conducted as a contested hearing on March 1, 2022.

The agency recommended the juvenile court deny mother's section 388 petition and terminate parental rights. The agency opined the children were likely to be adopted

---

**4**  Rule references are to California Rules of Court.

and the foster parents wanted to adopt them.  Mother did not maintain contact with the agency or make herself available for visitation.  The last in-person visit occurred in July 2021.  There were no visits in September and November because of the children's health.  Mother had a video visit on December 28, 2021.

Mother testified at the contested March 1, 2022, hearing that she last used methamphetamine and marijuana on March 29, 2021, and alcohol in June 2021.  She did not use any other substances.  She was placed on probation for four criminal cases and ordered to complete drug court, and she anticipated completing drug treatment on April 29, 2022.  She completed classes in codependency, parenting and women's trauma, attended narcotics anonymous meetings and had a sponsor.  She was employed.  She did not visit the children while she was in her addiction but asked to visit them after they were redetained.  She last saw the children in January 2022 at the visitation center for two hours.  The children hugged and kissed her.  She believed the children were still bonded to her.  She had room for the children in her home and was asking the court to return them to her.

The juvenile court denied mother's section 388 petition and terminated parental rights.

## STIPULATION

Mother contends the agency had contact with various extended family members whom it did not inquire as to possible Indian heritage and the juvenile court erroneously relied on the juvenile court's findings in prior cases that ICWA did not apply.  The agency concedes it did not comply with the inquiry requirements of ICWA and section 224.2.  Accordingly, the parties have stipulated to a conditional reversal and remand for compliance with the inquiry requirements of ICWA.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the requirements of ICWA and related California provisions.  Section 224.2, subdivision (b) required the agency to ask "the child, parents, legal

guardian, Indian custodian, extended family members, others who have an interest in the child," and the reporting party whether the child is or may be an Indian child. Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); 224.1, subd. (c).) There were extended family members available that the agency either failed to interview or failed to document its attempts to interview them.

The parties also agree—and after reviewing the entire record, we concur—that (1) there is no reasonable possibility the interests of nonparties or the public will be adversely affected by the requested conditional reversal and remand; and (2) the reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement (Code of Civ. Proc., § 128, subd. (a)(8)).

## DISPOSITION

The juvenile court's finding that ICWA does not apply is conditionally reversed, and the matter is remanded to the juvenile court with directions to order the agency to comply with the inquiry and documentation provisions set forth in section 224.2, subdivision (b), and rule 5.481(a)(5). If, after determining that an adequate inquiry was made, the court finds that ICWA applies, the court shall vacate its existing order and proceed in compliance with ICWA and related California law. If the court instead finds that ICWA does not apply, its ICWA finding shall be reinstated. In all other respects, the court's orders terminating parental rights are affirmed.